UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TREMAIN JONES,

       Plaintiff,                              Case No. 4:14-cv-13153
                                               District Judge Linda V. Parker
v.                                                 Magistrate Judge Anthony P. Patti

LYNN PARRISH, *et al.*,

       Defendants.

_____/

## REPORT AND RECOMMENDATION TO GRANT IN PART DEFENDANTS' MOTIONS TO SEVER (DE 13, 16, 40)

**I.    RECOMMENDATION**: The Court should grant in part and deny in part Defendants' motions to sever. Specifically, the Court should dismiss Counts Six, Seven, and Nine without prejudice and should allow the remaining claims to proceed only against the Bellamy Creek Correctional Facility Defendants and the MDOC.

**II.    REPORT**

    **A.    Background**

Plaintiff, a state prisoner who is proceeding without the assistance of counsel, filed his complaint on August 14, 2014. (DE 1.) In his multi-count

1

pleading, he alleges various claims against 52 named defendants in four different correctional facilities.

## 1. Defendants and Correctional Facilities

The Bellamy Creek Correctional Facility ("IBC") Defendants are: Warden Kenneth McKee, Deputy Warden Scott Schooley, Michigan Parole Board Re-entry Incentive Program Coordinator Jay Kimball, Assistant Resident Unit Supervisors ("ARUS") Denise Bolton and Ricky Bradley, Lieutenant Jay Franks, and Corrections Officers ("C/O") Lynn Parrish, David Maynard, Sammie Ryans, and Kevin Walker.

The Macomb Correctional Facility ("MRF") Defendants are: Warden Kenneth Romanowski, Deputy Warden of Housing and Programs Randall Haas, Deputy Warden of Operations Darrell Steward, Inspector Wright Wad, ARUSs Lisa Walsh and Shaheedah Hardwick, and C/Os Julie Tolley and Sandra Robinson.

The Gus Harrison Correctional Facility ("ARF") Defendants are: Warden Paul Klee, Deputy Warden of housing and Programs Lee McRoberts, Deputy Warden of Operations Sherman Campbell, Inspector Linda Beckwith, Resident Unit Manager ("RUM") Brian Evers, ARUSs Robert Nichols, Gary King, and Sara Stringer-Hill, Captains Douglas Smith and Keith McConnell, Sergeants Robin Howard, David Messer, E. Frye, and M. Long, and C/Os Ronald Spangler, A. Jones, and Melissa Christiaens.

The St. Louis Correctional Facility ("SLF") Defendants are: Warden Steven Rivard, Deputy Warden of Operations Mark McCullick, Litigation Coordinator Kristen Van Haften, Inspectors Robert Stone and Mark Olsen, RUM Susan Havelka, ARUS Forrest Williams, Librarian Jeremy Bugbee, and General Office Assistants Ruth Hall and Debra Evans.

Plaintiff also names members of the Correctional Facilities Administration ("CFA") as Defendants: Michigan Department of Corrections ("MDOC") Director Daniel Heyns, Regional Prisoner Administrators Michael Curely, Bruce Curtis, and Lloyd Rapelje, and Grievance and Appeals Manager Richard Russell. Finally, Plaintiff names fellow inmate William Walter Haddix.

### 2. Plaintiff's Claims

Plaintiff's 91 page, 297 paragraph complaint is divided into twelve separate counts, alleging various claims against different sub-sets of Defendants. I will briefly summarize the facts asserted in the various counts of the complaint, in order to more clearly distinguished and categorize them.

#### a. Fraud

Plaintiff asserts that he suffered a seizure in his cell on October 22, 2011 while housed at IBC (hereinafter the "seizure incident"). He asserts that he asked C/O Parrish to send him for medical treatment, but Parrish refused, noting that the entire prison was on lock-down. He contends that Parrish made the statement with

3

the intent to defraud him and induce him to refrain from seeking medical treatment. Plaintiff alleges that he relied upon Parrish's statement to his detriment and suffered unnecessary pain and discomfort while waiting for the lockdown to be lifted.

### b.     Denial of Medical Treatment

Plaintiff's second count arises from the same event described above. He asserts that Parrish improperly denied him medical treatment following the seizure incident.

### c.     Negligent Misrepresentation

Plaintiff's third count again arises from the seizure incident described above. In this count, Plaintiff asserts that Parrish made representations that the prison was on a complete lock-down, thereby preventing him from obtaining timely medical care, despite Parrish's knowledge that the statements were untrue.

### d.     Breach of Fiduciary Duty

Plaintiff's fourth claim involves two incidents, both involving Parrish: the seizure incident described above and an altercation over a lost identification card. First, on October 24, 2011, Plaintiff asked Lieutenant Franks if the facility had been on lockdown during his October 22, 2011 seizure, which Franks denied. Franks told Plaintiff he would speak to Parrish about his statements on October 22, 2011, but, according to Plaintiff, did not speak with him.

On November 7, 2011, Plaintiff informed Franks that he had lost his identification card in the visiting room. Franks assured Plaintiff that if he could not find the card, he could get a new one without penalty. Plaintiff was then called Parrish's office, where Parrish chastised him over his decision to tell his boss (Franks) about his behavior on October 22, 2011. Plaintiff reported this incident to ARUS Bradley and filed a grievance, which was denied at Steps 1 and 2. His family then filed a formal complaint with the MDOC and Heyns, Curtis, Russell, McKee, Schooley, Bradley, Bolton, Kimball, Maynard, Ryan, and Walker allegedly breached their fiduciary duty to him during their investigation of the grievance.

### e. Deliberate Indifference to Plaintiff's Serious Medical Needs

In his fifth count, Plaintiff asserts that Parrish's failure to provide him with medical care following his October 22, 2011 seizure violated the Eighth Amendment prohibition on cruel and unusual punishment.

### f. Denial of Access to the Courts

Plaintiff's sixth cause of action involves events that took place on March 22, 2012, when he was housed at MRF. Plaintiff contends that ARUS Walsh refused to mail his post-conviction appeal to the Michigan Court of Appeals. According to Plaintiff, Deputy Warden Steward and ARUS Hardwick failed to intervene on his

behalf, requiring a family member to mail the documents. However, Plaintiff asserts that the documents were torn up when his family member received them.

### g. Retaliation

Plaintiff's seventh cause of action relates to his transfers from MRF to ARF and from ARF to SLF. He asserts that he was transferred in retaliation for filing grievances. He also describes living conditions at the institutions as "deplorable and unsanitary." (DE 1 at 40, ¶ 182.)

### h. The Remainder of Plaintiff's Claims

In Count Eight, Plaintiff alleges that the actions described above represent abuse of process as described in Mich. Comp. Laws § 750.360. In Count Nine, he asserts that the Defendants' actions constituted excessive use of force. In Count Ten, he contends that the Defendants committed cruel and unusual punishment. In Count Eleven, he asserts that Defendants' actions constituted deliberate indifference in violation of his constitutional rights. In his twelfth and final cause of action, Plaintiff alleges that the various Defendants participated in racketeering and conversion, and violated Michigan state law by conspiring to interrupt his *pro se* work on the criminal appeal and other civil cases.

## 3. The Instant Motions

Defendants have filed three motions to sever. Defendants Parrish, Ryans, Walker, McKee, Bradley, Bolton, Schooley, Walsh, Hardwick, Tolley,

Romanowski, Steward, Robinson, Klee, Howard, Evers, Campbell, Beckwith, Spangler, Frye, Messer, Christiaens, King, Stringer-Hill, Smith, McConnell, Rivard, McCullick, Bugbee, Stone, Havelka, Hall, Williams, Evans, Heyns, Curtis, Russell, Rapelje, and Curley filed the initial motion on October 22, 2014.  (DE 13.) Randall Haas filed his motion on November 17, 2014, joining the initial motion pursuant to Federal Rule of Civil Procedure 10.  (DE 16.)  Defendants Maynard, Kimble, Frank, Wade, Van Haften, and Olsen followed suit on June 26, 2015.  (DE 40.)  In each motion, Defendants assert that Plaintiff's first five causes of action relate to the seizure incident with Defendant Parrish that occurred while Plaintiff was housed at IBC.  The remaining claims, Defendants argue, occurred at different correctional facilities and involve different Defendants, and therefore do not meet the test of Rule 20.  Accordingly, Defendants ask the Court to dismiss without prejudice Counts Six through Twelve and drop the remaining (and unrelated) Defendants.

 Plaintiff filed a response opposing the first two motions, but did not respond to the June 26, 2015 motion. (DE 24.)  He asserts that Defendants have failed to meet the requirements of Rule 21 and have filed the instant motions simply to delay the proceedings.

7

**B.    Standard**

Federal Rule of Civil Procedure 20 provides as follows with respect to joinder of multiple parties in a single lawsuit:

> Persons . . . may be joined in one action as defendants if:
>
> (A)   any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>
> (B)   any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2).  Thus, when joining multiple defendants in a single action, both elements of the two-part test of Rule 20(a)(2) must be met.[1]

The joinder of claims, parties, and remedies is "strongly encouraged" when appropriate to further judicial economy and fairness.  *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966).  However, parties are not entitled to join multiple defendants in a single suit when the claims are unrelated.  *See, e.g., Payne v. Corr. Corp. of America*, 194 F.3d 313, at *1 (6th Cir. Oct. 15, 1999) (concluding severance was proper where the claims did not arise from the same transactions or occurrences); *see also Michaels Bldg. Co. v. Ameritrust Co., N.A.*, 848 F.2d 674,

---

[1] Rule 18 governs the joinder of claims.  However, in "actions involving multiple defendants Rule 20 operates independently of Rule 18."  *Proctor v. Applegate*, 661 F.Supp.2d 743, 778 (E.D. Mich. 2009).  Accordingly, the instant motions will be analyzed under Rule 20.

682 (6th Cir. 1988) (upholding the trial court's dismissal of "wholly unrelated claims" against misjoined parties).

### C. Analysis

The first five counts in Plaintiff's complaint relate to one event: his October 22, 2011 seizure and Defendant Parrish's alleged failure to seek medical care for Plaintiff while he was housed at IBC. Plaintiff asserts causes of action against the remainder of the IBC Defendants in these counts as well, for their alleged failure to appropriately handle the situation between Plaintiff and Parrish.

Plaintiff has failed to demonstrate that the claims alleged in Counts Six, Seven, and Nine arose out of the same transaction, occurrence, or series of transactions or occurrences as those alleged in the first five counts, or that any question of law or fact common to all Defendants will arise in the action. Instead, Plaintiff provides a litany of problems he experienced at four separate institutions with a variety of Defendants. *See, e.g.*, *Prince v. Elum*, No. 12-cv-15526, 2013 U.S. Dist. LEXIS 104405, at *13 (E.D. Mich. Jan. 14, 2013) (ordering severance where the plaintiff's claims were "against other defendants and involve distinct factual scenarios, different time periods and different legal standards.").

The only causes of action arising out of one transaction are those alleged in Counts One through Five (along with, in part, Counts Eight, Ten, Eleven, and Twelve, which will be addressed more specifically below), addressing his

interaction with Defendant Parrish following the 2011 seizure incident, while housed at IBC.  Counts Six and Seven arise from events that occurred in 2012 at institutions other than IBC and involving Defendants unrelated to the 2011 seizure incident and subsequent issues regarding Defendant Parrish's alleged representations.  Count Nine arises from the events described in Count Seven, and is therefore unrelated to the 2011 seizure incident.[2]  The law is clear, under Fed. R. Civ. P. 21, that unrelated claims by prisoners against different defendants belong in different lawsuits.  *George v. Smith,* 507 F.3d 605, 607 (7th Cir. 2007).  Dismissal is appropriate where a plaintiff claims multiple constitutional violations by different defendants arising out of different transactions and occurrences. *Pruden v. SCI Camp Hill,* 252 F. App'x 436, 437 (3d Cir. 2007) (per curiam).

Furthermore, under the Prison Litigation Reform Act ("PLRA"), a prisoner may not commence an action without prepayment of the filing fee.  *See* 28 U.S.C. § 1915(b)(1).  The same PLRA subsection that governs *in forma pauperis* proceedings also contains a "three-strikes" provision, which prohibits a prisoner from bringing a civil action or civil appeal under the PLRA  "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds

---

[2] Plaintiff bases his excessive use of force claim on the Defendants' actions "stated in paragraphs 171 thr[ough] 240 above."  (DE 1 at 70, ¶ 275.)  These paragraphs occur midway through Count Seven, and relate to an event that occurred in October 2012.

that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). This subsection, in "an attempt by Congress to curb frivolous prisoner litigation," requires "the collection of the entire filing fee after the dismissal for frivolousness, etc., of three actions or appeals brought by a prisoner proceeding *in forma pauperis,* unless the statutory exception is satisfied." *Green v. Callahan*, No. 2:14-cv-11453, 2014 WL 1652335, at *2 (E.D. Mich. Apr. 23, 2014).

Although Plaintiff paid his filing fee in the instant action, allowing him to proceed with improperly joined claims and Defendants in a single action could permit him to circumvent the PLRA's filing fee provision and allow him to avoid incurring a "third-strike." It appears that Plaintiff brought every claim he could think of against the myriad Defendants in order to avoid paying multiple filing fees or proceeding *in forma pauperis* under the PLRA, and thereby potentially accruing a strike (or strikes) against him. As the circuit court so aptly put it in *George v. Smith, supra*. 507 F.3d at 607, a case brought by a prisoner with multiple claims and defendants arising out of several unrelated incidents:

> Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [in this suit] but also to ensure that prisoners pay the required filing fees—for the Prison Litigation Reform Act limits to 3 the number of frivolous

suits or appeals that any prisoner may file without prepayment of the required fees.

Applying the foregoing authority, I agree with Defendants that Plaintiff has misjoined claims and Defendants pursuant to Rule 20. I recommend that the Court dismiss without prejudice Counts Six, Seven, and Nine, along with all Defendants other than the IBC Defendants. However, I disagree with Defendants' contention that Counts Six through Twelve have been misjoined *in their entirety*. Specifically, Plaintiff alleges in Counts Eight, Ten, Eleven, and Twelve (albeit in a somewhat perfunctory manner which may not ultimately survive a Rule 12 motion) that the events described previously—including the seizure incident—are the bases for his claims. For example, in Count Eight, Plaintiff states that Defendants' "acts and omissions, coupled with their acts of commissions [sic] of the defendants stated in *paragraphs 1 thr[ough] 271 above*, constitutes abuse of process . . . ." (DE 1 at 70, ¶ 272) (emphasis added.)   Similarly, he bases his Tenth Count on Defendants' actions "stated in paragraphs 1 thr[ough] 277 above," in Count Eleven on "paragraphs 1 thr[ough] 280," and Count Twelve on "paragraphs 1 thr[ough] 285."  (Id. at ¶¶ 278, 281, and 284.)   Because these claims also arise from the seizure incident, as described in paragraphs 1-142, I do not recommend dismissing them under Rule 21.  Instead, I recommend allowing Counts One through Five, along with Counts Eight, Ten, Eleven, and Twelve to proceed against the IBC Defendants and the MDOC only.   All claims against the MRF,

ARF, SLF and CFA Defendants, excepting MDOC, should be dismissed without prejudice.

### D. Conclusion

Accordingly, I recommend that Defendants' motions to sever be **GRANTED IN PART AND DENIED IN PART.** (DE 13, 16, and 40.) I recommend that the Court dismiss without prejudice Plaintiff's causes of action numbered Six, Seven, and Nine. As a result, I also recommend that the action proceed against only the IBC Defendants (McKee, Parrish, Maynard, Kimble, Ryan, Walker, Bolton, Bradley, Franks, Schooley, Curtis, Russell, and Heyns) and the MDOC. I recommend that the Court dismiss the other 39 unrelated Defendants. Finally, I recommend that that the Court deny Defendants' motion to the extent that Counts Eight, Ten, Eleven, and Twelve should remain as they relate to the events described in Counts One through Five.

### III. PROCEDURE ON OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some

issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health & Human Servs.*, 932 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1273 (6th Cir. 1987).  Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," and "Objection No. 2," *etc.*  Any objection must recite precisely the provision of this Report and Recommendation to which it pertains.  Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity.  Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d).  The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," *etc.*  If the Court determines that any objections are without merit, it may rule without awaiting the response.

Dated: August 12, 2015         s/Anthony P. Patti                          
                               Anthony P. Patti
                               UNITED STATES MAGISTRATE JUDGE

I hereby certify that a copy of the foregoing documents was sent to parties of record on August 12, 2015, electronically and/or by U.S. Mail.

                               s/Michael Williams                          
                               Case Manager to the
                               Honorable Anthony P. Patti

14